[722 NYS2d 774]

In the Matter of GAIL ESSMAN FINK, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 9, 2001

### APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains (*Gary D. Egerman* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee served the respondent with a petition containing two charges of professional misconduct. The Special Referee sustained both charges after a hearing. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline as the Court deems just and proper. The respondent has neither cross-moved nor submitted any papers in response to the Grievance Committee's motion.

Charge One alleges that the respondent engaged in conduct prejudicial to the administration of justice by failing to reregister with the Office of Court Administration (hereinafter OCA) as an attorney and counselor-at-law, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]).

Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 require that any attorney admitted to practice in the State file a biennial registration statement with OCA and pay a fee of $300. Judiciary Law § 468-a (5) provides that noncompliance with the provisions of that section constitutes conduct prejudicial to the administration of justice.

By letter dated September 21, 1998, the Grievance Committee advised the respondent that she was the subject of a *sua sponte* complaint based upon her failure to reregister with OCA for the current registration period. The letter requested a detailed written answer within 10 days after her receipt of the correspondence. The respondent failed to answer.

The Grievance Committee forwarded a second letter to the respondent on October 9, 1998, via certified mail, return receipt requested, requesting an answer within 10 days. The Grievance Committee further advised the respondent that her failure to satisfactorily respond could result in a motion for her immediate suspension, pursuant to 22 NYCRR 691.4 (*l*) (1) (i). Although the respondent signed for the letter on October 15, 1998, she failed to submit an answer.

The Grievance Committee left telephone messages for the respondent on November 19, 1998, and December 1, 1998. The

respondent returned the second call and argued with Grievance Committee staff who advised her of the registration requirements and the consequences of failing to follow the rules. The respondent concluded the conversation by stating "just send me the information," and hung up the phone.

By certified letter dated December 1, 1998, the Grievance Committee confirmed the telephone conversation with the respondent and again requested that she submit an answer within 10 days. Although that letter was received on December 3, 1998, the respondent failed to submit an answer.

On January 21, 1999, Grievance Counsel made a courtesy telephone call to the respondent and left a message on her answering machine. The respondent failed to return the telephone call.

The Grievance Committee contacted OCA on January 22, 1999, and was advised that the respondent's registration was in arrears since the 1996-1997 biennial registration period.

The *sua sponte* complaint against the respondent was commenced in September 1998. As of the date of the petition, the respondent had yet to answer the complaint or to submit her registration form with the required fee to OCA.

Charge Two alleges that the respondent engaged in conduct adversely reflecting on her fitness to practice law by failing to cooperate with the Grievance Committee's investigation, in violation of Code of Professional Responsibility DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [7]), predicated on the facts alleged in Charge One.

Based on the uncontroverted evidence, the Special Referee properly sustained both charges. The Grievance Committee's motion to confirm is granted.

In determining an appropriate measure of discipline to impose, we have considered the respondent's expressions of remorse at the hearing and the medical/psychological evidence she offered in mitigation. Although the respondent has since paid the $600 in registration arrears due and owing to OCA, the Grievance Committee notes that she has caused considerable time, effort, and expense in its efforts to secure her compliance with the applicable rules. Under the totality of circumstances, the respondent is publicly censured for her professional misconduct.

BRACKEN, P. J., O'BRIEN, RITTER, SANTUCCI and KRAUSMAN, JJ., concur.

Ordered that the Grievance Committee's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent, Gail Essman Fink, is censured for her professional misconduct.